IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL CORDOVA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> LIBERTY MUTUAL PERSONAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | No. 25 C 1371 <br><br> Magistrate Judge M. David Weisman |

**MEMORANDUM OPINION AND ORDER**

After Liberty Mutual Personal Insurance Company denied Manuel Cordova's claim for coverage of damage sustained when a pipe burst and flooded his residential property in Chicago, Illinois, Cordova sued Liberty Mutual for breach of contract and vexatious and unreasonable delay of payment under 215 ILCS 5/155. Liberty Mutual moves to dismiss Cordova's claim for vexatious and unreasonable delay under Section 155 of the Illinois Insurance Code. For the reasons stated below, Liberty Mutual's motion to dismiss [10] is denied.

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even though factual allegations are entitled to the assumption of truth, legal conclusions are not. *Iqbal*, 556 U.S. at 678. To survive such a motion, the complaint must describe the claim in sufficient detail to put a defendant on notice as to the nature of the claim and its bases, and it must plausibly suggest a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest on conclusory statements or empty recitations of elements of causes of actions. *Iqbal*, 556 U.S. at 678.

Liberty Mutual contends that Cordova fails to plead facts necessary to support a claim under Section 155, which "does not penalize an insurer's denial of coverage, standing alone." *Souza v. Erie Ins. Co.*, No. 22 C 3744, 2023 WL 4762712, at *6 (N.D. Ill. July 25, 2023). Cordova alleges that Liberty Mutual violated Section 155 when it informed Cordova that the damage "was not covered under the Policy because its 'engineering firm confirmed insufficient heat in the building to be the cause of the freeze,' when Liberty Mutual knew the Occurrence was covered because the Policy contained no such 'sufficiency' requirement but rather required Cordova use 'reasonable care to maintain heat in the building.'" (Compl., Dkt. 1-1, ¶ 14.) "[A]n insurer only acts vexatiously and unreasonably when its 'behavior was willful and without reasonable cause.'"

*Tower Crossing Condo. Ass'n, Inc. v. Affiliated FM Ins. Co.*, 21-CV-06228, 2023 WL 1069852, at *5 (N.D. Ill. Jan. 27, 2023) (citation omitted).  Relief is not available if "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Bao v. MemberSelect Ins. Co.*, 21 C 04119, 2022 WL 1211509, at *3 (N.D. Ill. Apr. 25, 2022) (citation omitted).

Cordova points to his allegations that Liberty Mutual acted in bad faith by: (1) denying Cordova's claim for reasons not appearing in the policy; (2) failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies; (3) not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted to it in which liability has become reasonably clear; (4) compelling Cordova to file suit to recover amounts due under the policy; (5) refusing to pay claims without conducting a reasonable investigation based on all available information; and (6) failing to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement. (Compl., Dkt. 1-1, ¶ 15.)  Cordova's allegations are admittedly light on facts, but as already noted, a complaint need not allege specific facts.  *Iqbal*, 556 U.S. at 678.  Accepting these allegations as true, as the Court must at this stage, Cordova could plausibly be entitled to relief under Section 155.

The *Souza* case provides support for this conclusion.  In that case, the Court denied the insurance company's motion to dismiss the Section 155 claim, noting that while

> [Plaintiff's] complaint is sparse, . . . it passes muster.  [Plaintiff] alleges that Erie engaged in vexatious and unreasonable conduct designed to undervalue her claim and deny her coverage.  *See* Cplt., at ¶ 33 (Dckt. No. 1).  She supports these allegations with specific examples.  For instance, [Plaintiff] asserts that Erie deliberately "manipulated its pricing software to artificially suppress the cost of repairs below market value."  *Id.* at ¶ 21.  She also alleges that the company omitted key variables in calculating its damages estimate, including "fail[ing] to include adequate overhead and profit."

*Souza,* 2023 WL 4762712, at *7.  The *Souza* court concluded that "[t]hese examples give enough actual color to her allegations to allow the claim to go forward at this stage."  *Id*.  Similarly, in *Tower Crossing*, the Court found the following allegations plausibly suggest a right to relief under Section 155: "(a) 'low-balling' a settlement amount with intent to deprive Tower Crossing of the value of its claim; (b) refusing to conduct a test repair without justification; (c) unreasonably suggesting that the roof shingles remained repairable; and (d) unreasonably waiting more than a year to issue a partial payment on the claim."  *Tower Crossing,* 2023 WL 1069852, at *5.

Here, like in *Souza* and *Tower Crossing*, Cordova's allegations that Liberty Mutual failed to conduct a reasonable investigation into the claim, forced Cordova to file a lawsuit to recover amounts due under the policy, and failed to provide a reasonable explanation for the denial of the claim just cross the line for sufficiency under federal pleading standards.  Whether Cordova can develop evidence to prove his claim remains to be seen.

Accordingly, Liberty Mutual's motion to dismiss is denied.

**Date**: April 21, 2025

*(signature: M. David Weisman)*

**M. David Weisman**
**United States Magistrate Judge**